

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-19-2006

# Bailey v. Blaine

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1545

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Bailey v. Blaine" (2006). *2006 Decisions.* Paper 1081.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1081

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1545

DEMETRIUS BAILEY,

Appellant

v.

CONNER BLAINE; DEPUTY STOWITZSKY;
DEPUTY MILLER; MAJOR HASSETT;
G. BANKS; C.O. RICCI; C.O.MORALES;
CAPT. WYNFIELD; CAPT. LANTZ;
LT. ESMOND; KENT WARMAN; ROBERT BITNER;
T. D. JACKSON; F.J. ZABOROWSKI; C. ROSSI

On appeal From the United States District Court
For the Western District of Pennsylvania
(W.D. Pa. Civ. No. 00-cv-1638)
Magistrate Judge: Honorable Ila Jeanne Sensenich

_____

Submitted Under Third Circuit LAR 34.1(a)
May 9, 2006

BEFORE: McKEE, FUENTES and NYGAARD, <u>CIRCUIT JUDGES</u>

(Filed: May 19, 2006)

OPINION

PER CURIAM

Demetrius Bailey filed this civil rights action <u>pro</u> <u>se</u> in the United States District

Court for the Western District of Pennsylvania pursuant to 42 U.S.C. § 1983, alleging that Appellees retaliated against him for filing grievances and lawsuits in connection with their alleged violation of his constitutional rights. Bailey's complaint alleged that Appellees, officials and employees at the State Correctional Institution at Greene ("SCI-Greene") where Bailey was incarcerated at the time, violated his First Amendment rights by confiscating magazines in his cell as well incoming magazines and newspapers while he was in the Restricted Housing Unit ("RHU"). Bailey further alleged that, after he began filing grievances related to the magazine and newspaper confiscation, Appellee George Banks, the former RHU manager, retaliated against him by issuing a memorandum which retroactively banned RHU inmates from possessing magazines in their cells. Bailey also alleged that the other Appellees retaliated against him by fabricating misconduct charges of which he was ultimately found guilty and punished by imposition of varying periods in disciplinary custody.[1]

The District Court granted Appellees' motion for summary judgment on Bailey's First Amendment claim, holding that both the magazine confiscation and the publications policy were reasonably related to a legitimate penological interest. The District Court denied Appellees' motion for summary judgment on the retaliation claim, however, and the case proceeded to a bench trial before the Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.

---

[1]Bailey also alleged that his subsequent transfer to SCI-Frackville was retaliatory. However, this claim was stricken from the proceedings because Bailey had raised it in a separate lawsuit.

Bailey represented himself at the two-day bench trial and testified at length about the events surrounding the misconduct charges, refuting the version of events presented in the misconduct reports and in Appellees' testimony. Appellees' case-in-chief included the testimony of George Banks; Marshal Warman, former chairman of the Publications Review Committee at SCI-Greene; Gayle Morales, a former Corrections Officer ("CO") at SCI-Greene who had confiscated Bailey's newspapers and issued three of the five challenged misconduct reports; and CO Albert Ricci, who was involved in the magazine confiscation and had issued two of the disputed misconduct reports. The Magistrate Judge entered judgment in favor of Appellees, holding that Bailey had failed to meet his burden of showing that his constitutionally protected activity was a substantial or motivating factor behind Appellees' actions. Bailey timely appealed, again proceeding pro se.

The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1343. We have jurisdiction pursuant to 28 U.S.C. § 1291. On appeal, Bailey challenges only the District Court's ruling on his retaliation claim. We review the District Court's findings of fact for clear error, see Universal Minerals, Inc. v. C.A. Hughes & Co., 669 F.2d 98, 102 (3d Cir. 1981), and exercise plenary review over the court's legal conclusions, see Koslow v. Commonwealth of Pa., 302 F.3d 161, 167 (3d Cir. 2002).

To be successful in a retaliation claim, a plaintiff must prove by a preponderance of the evidence that: a) the conduct leading to the alleged retaliation was constitutionally

3

protected; b) he or she suffered an "adverse action" at the hands of prison officials; and c) the protected activity was a substantial or motivating factor in the prison officials' actions. Rauser v. Horn, 241 F.3d 330, 333-34 (3d Cir. 2001). The Magistrate Judge held that, although Bailey had satisfied the first two elements set forth in Rauser, he had not sustained his burden of proving causation.

As to the policy-based claim, Bailey argues that the Magistrate Judge failed to acknowledge the chronology of events leading up to the Banks memorandum, which establishes causation. It is undisputed that Bailey's magazines were confiscated on December 4, 1999, and that he filed a grievance about this on December 6, 1999. Bailey emphasizes that, although the Banks memorandum was dated December 13, 1999, one week after he filed his grievance, the policy announced in the memorandum was made retroactive to November 23, 1999, thereby including the date Bailey's magazines were confiscated.

Bailey correctly recognizes that temporal proximity between the protected activity and the alleged retaliatory action can suggest causation. See Rauser, 241 F.3d at 334. Contrary to Bailey's assertion, the Magistrate Judge did not ignore the issue of temporal proximity. Rather, the opinion acknowledged that the memorandum's conflicting dates had raised a question as to retaliatory motive before trial. See Opinion at 9. However, the Magistrate Judge found credible Banks's testimony that the policy stemmed from problems with RHU inmates using magazines to set fires and overflow the toilets in their

4

cells – not from Bailey's grievances. See id. at 4. The Magistrate Judge also credited Banks's testimony that he had mistakenly put the wrong date on the memo. See id. at 9. The Magistrate Judge's determination as to witness credibility is not subject to our review. See United States v. Bethancourt, 65 F.3d 1074, 1078 (3d Cir. 1995). Accepting this finding, as we must, we agree with the Magistrate Judge that Bailey did not sustain his burden of proving causation for this claim. See Rauser, 241 F.3d at 334.

Bailey's second retaliation claim centers on the following misconduct charges, which Bailey argues were fabricated: a March 4, 2000, charge for failing to obey a direct order from CO Morales to remove two posters of nude women from his cell wall; a March 17, 2000, charge for verbally threatening Morales; a March 18, 2000, charge for refusing to obey a direct order from CO Ricci to remove his arms from the "pie slot" in his cell door; an April 13, 2000, charge for refusing to obey Ricci's order to step away from his cell door during a random cell search; and an April 25, 2000, charge for refusing to "cuff up" in the law library when ordered to do so by Morales. Bailey testified that he did not disobey any of these orders or commit any of the rule infractions described in the misconduct reports and that Morales and Ricci fabricated the charges because he had filed grievances against them for their roles in confiscating his magazines and newspapers.

The Magistrate Judge credited Morales's and Ricci's testimony that the misconduct charges were valid and concluded that Bailey had not shown a causal connection between the misconduct reports and his grievances. The Magistrate Judge

5

also observed that Bailey's testimony regarding the poster-related charge was internally inconsistent.  See Opinion at 9.

On appeal, Bailey argues that the Magistrate Judge's credibility findings were based on "false evidence" and that the Magistrate Judge "twisted the evidence to fit the defendants."  Bailey does not offer any examples of the purportedly "false evidence." Even if he had, as we stated earlier, the District Court's credibility determinations are not subject to our review.  See Bethancourt, 65 F.3d at 1078; Leeper v. United States, 756 F.2d 300, 308 (3d Cir. 1985) (A district court's factual findings are reviewed only to assess whether enough supporting evidence is on record, regardless whether the evidence permits different inferences to be drawn.)

Bailey next argues that the Magistrate Judge did not allow him to call witnesses whose testimony would have corroborated his version of the events.  A federal court may, in its discretion, issue a writ of habeas corpus ad testificandum to secure the appearance of a state or federal prisoner as a witness, if it is necessary to bring him or her into court to testify or for trial.  28 U.S.C. § 2241(c)(5).  A district court's decision whether to issue the writ will be reversed only for an abuse of discretion.  Jerry v. Francisco, 632 F.2d 252, 256 (3d Cir. 1980).

After the trial testimony concluded, the Magistrate Judge gave Bailey an opportunity to present arguments for bringing two federal inmates, Brown and Byrd, to court to testify.  Bailey argued that Brown, who was housed in the cell next to his, was an

6

"ear witness" to events leading up to several of the misconduct charges and could testify that Bailey was not given the direct orders described in the misconduct reports. Inmate Byrd was present during the law library incident, and, according to Bailey, could testify that CO Morales never gave Bailey an order to "cuff up." The Magistrate Judge denied Bailey's requests for these witnesses, noting that Bailey had not provided the court with a statement of either witness's proposed testimony prior to trial and had not listed either Brown or Byrd as witnesses in any of the grievance or misconduct proceedings related to the same events. Further, the Magistrate Judge expressed doubt that Brown would be able to remember events which had occurred years earlier and noted that Byrd's testimony related to only a minor part of the case.

Although Brown and Byrd's proffered testimony appears to be relevant, our review of the trial transcript indicates that it would not have affected the outcome of the trial and that, therefore, the issuance of a writ of habeas corpus ad testificandum was not required. See United States v. Cruz-Jimenez, 977 F.2d 95, 100 (3d Cir. 1992) (not every remotely relevant proffer will require issuance of the writ). Accordingly, we find no abuse of discretion in the Magistrate Judge's denial of Bailey's motion.

Bailey argues that Magistrate Judge erred by not appointing counsel to assist him in prosecuting his case. When determining whether to appoint counsel, a court should first consider whether the claimant's case has arguable merit in fact or law. Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993). After this threshold criterion is met, a court

7

should consider the following factors: (1) the plaintiff's ability to present his case; (2) the difficulty of the legal issues; (3) the degree to which factual investigation will be necessary and the plaintiff's ability to pursue that investigation; (4) the plaintiff's ability to retain counsel on his own; (5) the extent to which the case is likely to turn on credibility determinations; and (6) whether the case will require expert testimony. Id. at 155-57. A district court's decision to deny counsel is reviewed for abuse of discretion. Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997).

We agree with the Magistrate Judge's Tabron analysis and with the conclusion that Bailey's self-representation was adequate. Throughout the proceedings, Bailey vigorously prosecuted his case, filing and responding to motions as appropriate and ably conducting cross-examination at trial. We find no abuse of discretion in the Magistrate Judge's denial of counsel.

Bailey's remaining arguments on appeal concern the relative importance of various Department of Corrections policies regarding publications and the ability of a unit manager to create policy. As these issues were not raised during trial and are irrelevant to Bailey's retaliation claim, we decline to address them.

For the foregoing reasons, we will affirm the District Court's judgment.